## THE STATE BANK *versus* LINCOLN FEARING.

A bank is entitled to recover against the second indorser of a note discounted by the bank, although the indorsement of the name of the payee is a forgery, and although the note was offered for discount by the maker and not by the second indorser.

ASSUMPSIT on a promissory note for the sum of $2000, dated April 15, 1833, payable to the order of Thomas Jackson, junior, in six months, made by Charles Brown, and indorsed with the names of the payee, and of the defendant.

By an agreed statement of facts, it appeared that the signatures of Brown and the defendant were genuine, but that the defendant could prove, if such evidence was admissible, that the indorsement of the name of the payee was a forgery ; that the note was presented by Brown to the plaintiffs for discount, in the usual course of business, and discounted by them for him ; that at the time of such discount, the plaintiffs and the defendant were ignorant of the forgery ; and that due notice of the non-payment of the note was given to Brown, Jackson and the defendant.

If upon this statement of facts the Court should be of opinion, that the plaintiffs were entitled to judgment, the defendant was to be defaulted, otherwise, the plaintiffs were to be nonsuited

*Austin* (Attorney General), for the plaintiffs, cited *Levy* v. *March 30th* *Bank of the United States*, 4 Dallas, 234 ; *S. C.* 1 Binney, 27 ; *Van Staphorst* v. *Pearce*, 4 Mass. R. 258 ; *Slacum* v. *Pomery*, 6 Cranch, 222 ; *Putnam* v. *Sullivan*, 4 Mass. R. 45 ; *Moies* v. *Bird*, 11 Mass. R. 436 ; *Lambert* v. *Pack*, 1 Salk. 27 ; *Critchlow* v. *Parry*, 2 Campb. 182.

*Parsons* and *Stearns*, for the defendant, cited *Mead* v. *Young*, 4 T. R. 28 ; *Duncan* v. *Scott*, 1 Campb. 101 : *Smith* v. *Chester*, 1 T. R. 654 ; *East India Co.* v. *Tritton*, 3 Barn. & Cressw. 280.

SHAW C. J. delivered the opinion of the Court. The *June 22d* peculiar features of this action are, that the plaintiffs 'claim of the second indorser, from whom they immediately took the note. The question is, whether the forgery of the in-

State Bank
v.
Fearing.

dorsement of the name of a prior party, is a good defence to the note ; and the Court are of opinion that it is not.

In general it is not necessary for the holder to prove the signature of any party prior to the party whom he sues. The reason seems to be obvious, that the party defendant, by his indorsement, has admitted the ability and the signature of all prior parties. Bayley on Bills, 313 ; *Critchlow v. Parry*, 2 Campb. 182. The effect of the engagement of the indorser is, that if the prior parties do not pay the note according to its tenor upon due presentment, upon notice to him, he will. It is therefore a rule upon this subject, that a plaintiff is under no obligation to prove the signature of those prior to the party intended to be charged. It is very different where he claims against the acceptor of a bill or maker of a note. They respectively promise to pay to the payee or his order, and until he has made such order by his indorsement, the plaintiff can establish no title, and to prove such order, he must prove the genuineness of his signature. *Smith v. Chester*, 1 T. R. 654 ; *Lambert v. Pack*, 1 Salk. 127. So an acceptor is bound, though the bill be forged. *Jengs v. Fawler*, 2 Strange, 946.

The circumstance that this bill was offered for discount, by Brown, makes no difference ; the plaintiffs had a right to look to their immediate indorser, and if satisfied to take the note on his credit, he is liable to them ; and it was for him to see that he has a good remedy over against those who purport to be prior parties.

*Defendant defaulted.*